UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
------------------------------------------------------------------------x
ROBERT BROTHERS

                        Plaintiff,

    -v.-

ASHTON & WEINBERG, INC.

                      Defendant.
------------------------------------------------------------------------x

Case No:

**COMPLAINT**

     Plaintiff Robert Brothers ("Plaintiff"), by and through his attorneys, the Law Offices of Marina Dzhamilova, PLLC, as and for his Complaint against Ashton & Weinberg, Inc. ("Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of section 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

    2.    Plaintiff, a natural person, is and was at all times relevant to this action a resident of the State of Washington, County of Island, residing at P.O. Box 376, Oak Harbor, WA 98277.

3. Defendant is and was at all times relevant to this action a business corporation, with an address at 1525 Old Louisquisset Pike, Suite C203, Lincoln, RI, 02865.

4. Defendant is a business the principal purpose of which is the collection of consumer debts, and/or Defendant regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due to third party creditors, and therefor is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around June 1, 2015 Defendant sent an initial contact notice to the Plaintiff.

11. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

12. The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

13. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S.,

74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

14. The letter, in the third paragraph, states: "Credit bureau will be notified in 30 days from the date of this notice." This credit reporting threat directly states that an action will occur even though the consumer will not have had the full 30 days to dispute the debt.

15. This language completely overshadows the "g-notice" and coerces the consumer not to exert his rights under the Fair Debt Collection Practices Act.

16. Each and every aspect of this language threatens the consumer's validations rights and coerces payment from the consumer by making threats during the initial thirty-day period.

17. Furthermore despite the letter stating definitively the account would be credit reported it never was, showing that the Defendant threatened to take an actin it had no intention of following through on.

18. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

20. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692d, 1692e(2), 1692e(4), 1692e(10), 1692e(11), 1692f and 1692f(6).

21. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA;

e) An injunction against Defendant's unlawful practices; and

f) For any such other and further relief as this Court may deem just and proper.

Dated: May 25, 2016

/s/Marina Dzhamilova
**Law Offices of**
**Marina Dzhamilova, PLLC**
By: Marina Dzhamilova, Esq.
6628 212th St. SW, Ste. 206
Lynnwood, WA 98036
Phone: 425-563-6700
mdzhamilova@hotmail.com